IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Eric John Lanzieri,<br><br>                    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, Director, Arizona Department of Corrections; Terry Goddard, Arizona Attorney General,<br><br>                    Respondents. | No. CIV 04-2514-PHX-JAT (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, U.S. DISTRICT JUDGE:

    Eric John Lanzieri filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 12, 2004, challenging his conviction in Maricopa County Superior Court for Theft of Means of Transportation, and the trial court's imposition of 6.5 years' imprisonment. He first contends that his plea was involuntary because neither the trial court nor trial counsel explained to him that he was "pleading to an enhanced sentence" because of his 1992 DUI conviction. He also argues the 1992 conviction was improperly used as an historical prior conviction. Finally, he contends that trial counsel was ineffective for failing to advise Lanzieri that had he gone to trial, the state would have had to prove that the golf cart involved in the theft offense was worth $3,000 in order to convict him of a class 3 felony. In addition, he argues that counsel should not have allowed the court to use the 1992 conviction to enhance his sentence. The Court recommends that Lanzieri's petition be denied and dismissed with prejudice.

The charge arose out of a joy ride that Lanzieri took in a golf cart, while he was intoxicated, through the parking lot at Mesa Community College.  Lanzieri pleaded guilty to theft of means of transportation with a 1992 prior felony conviction for aggravated driving under the influence, and the trial court imposed the presumptive 6.5 year term (Doc. #7, Exh M).  Lanzieri filed a notice of post-conviction relief, and counsel was appointed (*Id*. Exh N, P, Q).  Counsel filed a Notice of Completion of Post-Conviction Review, indicating that he was unable to find any colorable claims for relief (*Id*., Exh S).  Lanzieri was given leave to file a pro per post-conviction petition; on May 16, 2002, the trial court dismissed his Rule 32 proceedings because no petition had been filed (*Id*., Exh T, U).  He filed his petition on May 20, 2002, explaining in a letter to the clerk of the court that he had attempted to file earlier, but it was returned to him because of a procedural error (*Id*., Exh V, W).[1]

In his petition, he raised several claims, including the following:

(1)  The trial court failed to inform Lanzieri of the consequences of pleading guilty to the charged crime with one prior felony conviction;

(2)  The trial court improperly relied on a prior felony conviction that was too old to constitute a historical prior felony conviction for sentence enhancement; and

(3)  Lanzieri was denied his Sixth Amendment Right to effective assistance of counsel.

(*Id*., Exh W).  The trial court dismissed his Rule 32 petition, finding "insufficient evidence to support a finding of ineffective assistance of counsel" (*Id*., Exh DD).  He filed a petition for review in the Arizona Court of Appeals, which was summarily denied (*Id*., Exh EE, HH).

**EXHAUSTION OF REMEDIES**

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court.  28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-

---

[1] On June 3, 2002, he filed a motion for reconsideration of the trial court's dismissal, which the trial court denied (*Id*., Exh Y, Z).  The Court of Appeals reinstated Lanzieri's petition for post-conviction relief (*Id*., Exh CC).

- 2 -

66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898 -99 (9th Cir. 2001). The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are available in state court, then the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.* However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal court may decline to consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Further, a procedural default may occur when a Petitioner raises a claim in state court, but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S.

at 730-31. In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly and expressly relying on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S.856 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, just as in cases involving defaulted claims that were not fairly presented, federal habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

Respondents argue that Lanzieri failed to fairly present Ground I to the Arizona Court of Appeals because he argued state law issues regarding the trial court's acceptance of his guilty plea with one prior felony conviction. Having reviewed Lanzieri's post-conviction petition, it does appear to the Court that the basis for his argument in his post-conviction petition and again in Ground I of his federal petition is that the trial court should have explained to him that "the admission of the Historical Prior Conviction was the basis for the sentencing range to be imposed...[and] the range of sentence without admission of the Historical Prior Conviction" (*Id*., Exh W at 13-14). In his federal petition he similarly argues that "the court did not explain to Mr. Lanzieri that his prior was being used to enhance his sentence" (Doc. #1 at 5). However, he does contend in both pleadings that this failure by the trial court made the guilty plea "unconstitutional and violates due process of law" (*Id*.). Such a conclusory constitutional reference may be insufficient to exhaust state remedies. *See Castillo v. McFadden*, 370 F.3d 882 (9th Cir. 2004). What Lanzieri is essentially arguing is that Ariz. R. Crim. P. 17.6 required the trial court to explain to him, in advance of his

- 4 -

1 admission of the prior conviction, that the sentence is enhanced because of his admission to
2 the historical prior conviction. Such a review by this Court would involve a re-examination
3 of the trial court's determination of a state-law question, which is not cognizable in a federal
4 habeas proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In any event, the
5 claim is without merit. Lanzieri admits, and the record reflects, that the trial court explained
6 the sentencing range consequent to a guilty plea of theft of means of transportation with a
7 prior felony conviction. *See* Doc. #7, Exh W at 13; Doc. #8 , Exh C at 7. That is what is
8 constitutionally required. *See Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969).

9 Respondents make the same argument concerning Ground II: that although he alleges
10 a due process violation, Lanzieri essentially argued in his post-conviction petition and in his
11 federal petition that the trial court imposed a sentence which was illegal under A.R.S. § 13-
12 604(1)(c). Again, the Court agrees. *See* Doc. #7, Exh W at 15; Doc. #1 at 6. Such a
13 conclusory constitutional reference may be insufficient to exhaust state remedies. *See*
14 *Castillo v. McFadden*. Review by this Court would involve a re-examination of the trial
15 court's determination of a state-law question, which is not cognizable in a federal habeas
16 proceeding. *See Estelle v. McGuire*. Finally, as pointed out by Respondents, the contention
17 is without merit. The Arizona sentencing statutes authorize this prior conviction to be used
18 for sentence enhancement, "regardless of how much time passes between the prior conviction
19 and the present offense." *See State v. Garcia*, 189 Ariz. 510, 514 (App.1997); A.R.S. § 13-
20 604(V)(1)(a)(v).

21 Finally, Lanzieri argues that trial counsel was ineffective for failing to investigate the
22 value of the golf cart before advising him to plead guilty to theft of means of transportation
23 with a prior felony conviction, and by allowing the trial court to use the 1992 prior
24 conviction to enhance his sentence. He asserts, without supporting documentation, that the
25 golf cart was worth less than $3,000, and requests an evidentiary hearing to develop this
26 "new fact." However, he failed to develop his claim in state court, and does not allege that

27
28

such facts could not have been discovered and adequately developed in state court. *See* 28 U.S.C. § 2254(e)(2)(A). The Court will therefore deny his motion for evidentiary hearing.

Regarding the merits of his claim, the Court recognizes that its review must include the strong presumption that counsel's conduct might be considered sound trial strategy. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In addition, for Lanzieri to show prejudice, he cannot simply insist that, had he known what he now knows, he would have insisted on going to trial; he must also show that the result of his guilty plea was "fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993).

Lanzieri had not one, but two attorneys representing him at his change of plea and sentencing.[2] From portions of the state court record which have been provided by Lanzieri, his attorneys had knowledge, as did the trial court, of his significant criminal history, which included at least five prior convictions for driving under the influence, previous terms of probation, numerous jail and prison sentences, a criminal history dating back to 1987, and a continued abuse of alcohol. *See* Doc. #8, Exh D at 9. They also knew that if convicted, he was facing a possible maximum prison term of 13 years. The Court presumes that counsel's advice to Lanzieri to accept the terms of the plea agreement, in lieu of any investigation of the value of the golf cart, was advice given in light of the above information. In addition, Lanzieri could not show that the result of his guilty plea, his 6.5 year sentence, the presumptive term, was "fundamentally unfair or unreliable." *Lockhart v. Fretwell*. Finally, because the 1992 prior conviction was properly used to enhance his sentence, it cannot form the basis for a claim of ineffective assistance of counsel.

**IT IS ORDERED DENYING** Eric John Lanzieri's request for an evidentiary hearing.

**IT IS FURTHER ORDERED GRANTING** Lanzieri's Motion for Status of Case, to the extent stated in this Report and Recommendation (Doc. #11).

---

[2] Lanzieri's family retained counsel to assist his appointed counsel.

1 **IT IS RECOMMENDED** that Eric John Lanzieri's petition for writ of habeas corpus
2 be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

3 This recommendation is not an order that is immediately appealable to the Ninth
4 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
5 Appellate Procedure, should not be filed until entry of the district court's judgment. The
6 parties shall have ten days from the date of service of a copy of this recommendation within
7 which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules
8 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
9 which to file a response to the objections. Failure timely to file objections to the Magistrate
10 Judge's Report and Recommendation may result in the acceptance of the Report and
11 Recommendation by the district court without further review. *See United States v. Reyna-*
12 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
13 determinations of the Magistrate Judge will be considered a waiver of a party's right to
14 appellate review of the findings of fact in an order or judgment entered pursuant to the
15 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

16 DATED this 12th day of September, 2005.

_____
David K. Duncan
United States Magistrate Judge

- 7 -